# Exhibit 1

State Court Pleadings

# STATE OF NORTH CAROLINA

File No. 18 CVS ~~9070~~

_____MECKLENBURG_____ County

Name of Plaintiff
**CECIL LYNDELL DOWDELL**

Address

City, State, Zip

## **CIVIL SUMMONS**

☐ **Alias and Pluries Summons**

G.S. 1A-1, Rules 3, 4

### **VERSUS**

Name of Defendant(s)
**SONIC AUTOMOTIVE, INC.**
d/b/a **CADILLAC OF SOUTH CHARLOTTE**

Date Original Summons Issued

Date(s) Subsequent Summon(es) Issued

## To Each of The Defendant(s) Named Below:

| Name And Address of Defendant 1 | Name And Address of Defendant 2 |
|---|---|
| Sonic Automotive, Inc.<br>d/b/a Cadillac of South Charlotte<br>c/o CT Corporation System,<br>Registered Agent for Service of Process<br>160 Mine Lake Ct., Ste. 200<br>Raleigh, NC 27615-6417 | |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff)
Clark D. Tew
113 N. Center St., Ste 200
Post Office Box 1776
Statesville, NC 28687

Date Issued ~~10-25-18~~   Time ~~12:00~~   ☐ AM ☐ PM

Signature _____

☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk of Superior Court

☐ **ENDORSEMENT**

This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

Date of Endorsement   Time   ☐ AM ☐ PM

Signature

☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk of Superior Court

**NOTE TO PARTIES:** *Many Counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to person named below.

Name And Address of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name of Sheriff (Type or Print) |
| Date of Return | County of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative of the Courts

# FILED

NORTH CAROLINA    2018 OCT 25 AM GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
MECKLENBURG COUNTY MECKLENBURG CO. 18.CVS _20670_

BY_____

CECIL LYNDELL DOWDELL,

         Plaintiff

v.

SONIC AUTOMOTIVE, INC. d/b/a
CADILLAC OF SOUTH
CHARLOTTE,

         Defendant.

|  |  |
|---|---|
|  | **COMPLAINT**<br>(Jury Trial Demanded) |

The Plaintiff makes the following allegations of the Defendant:

## PARTIES

1.      Plaintiff Cecil Lyndell Dowdell ("Dowdell"), is a citizen and resident of Concord, Cabarrus County, North Carolina.

2.      Defendant Sonic Automotive, Inc. ("Sonic" or "Defendant") is a corporation organized and existing under the laws of the State of Delaware, with a principal office in Charlotte, Mecklenburg County, North Carolina.

3.      Sonic is and was doing business under the trade name of "Cadillac of South Charlotte" in Mecklenburg County, North Carolina, and maintains a place of business in North Carolina in that county. Sonic is authorized to do business in the State of North Carolina by virtue of its filing

of an Application for Certificate of Authority through the Secretary of State's office.

4. At all times relevant to this action, Sonic was Dowdell's employer, and employed Dowdell at its Cadillac dealership located in Pineville, Mecklenburg County, North Carolina. Upon information and belief, Defendant employs more than 500 people in North Carolina.

## JURISDICTION AND VENUE

5. Dowdell has exhausted his administrative remedies. He timely filed a charge of discrimination against the Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") on May 6, 2016, and a copy of this charge is attached hereto as Exhibit A, and incorporated herein by reference. The Plaintiff has alleged in his charge that during his employment with Defendant, the Defendant discriminated against him in violation of the Americans with Disability Act of 1990, as amended.

6. The EEOC found cause to believe that Sonic had, in fact, discriminated and retaliated against Dowdell, and issued a Determination letter to that effect on September 14, 2017. A true and accurate copy of that determination letter is attached as Exhibit B, and incorporated herein by reference.

7. The EEOC further attempted conciliation as required by law, which conciliation failed; that agency then issued a Notice of Conciliation

Failure letter on August 1, 2018. A true and accurate copy of the Notice of

Conciliation Failure is attached as Exhibit C, and incorporated herein by

reference.

8.      The EEOC issued a Notice of Right to Sue letter, again noting

that the EEOC found cause to believe that the Defendant had discriminated

against Dowdell, on August 1, 2018 that Dowdell actually received at a later

date. A copy of the Notice of Right to Sue letter is marked as Exhibit D and is

attached to this Complaint, and is incorporated herein by reference.

9.      This action arises under the Americans with Disabilities Act of

1990, 42 U.S.C. §12111 *et seq.* (the "ADA"), the Family and Medical Leave

Act of 1993, 29 U.S.C. §2601 *et seq.* ("FMLA"), and under the common law

based upon public policy set forth in the North Carolina Equal Employment

Practices Act, N.C. Gen. Stat. §143-122.1 *et. seq.* ("EEPA").

10.     Sonic was Dowdell's "employer" as defined by the ADA, FMLA,

and EEPA, and Dowdell was at all times relevant to this Complaint an

"employee" of SONIC under the ADA, FMLA, EEPA, and under the common

law of North Carolina.

11.     This Court has subject matter jurisdiction over this matter. See

*Yellow Freight Syst. v. Donnelly,* 494 U.S. 820 (1990).

12.     Venue is proper in the Superior Court for Mecklenburg County

because, upon information and belief, the Defendant is headquartered in that

4

District, and that District encompasses the site at which Defendant employed Dowdell.

## FACTS

13.     On or about January 2, 2016, Dowdell became employed with the Defendant as a Service Writer, providing customer service to Sonic's customers and clientele seeking maintenance, service, and repairs for their personal automobile(s).

14.     At all times relevant to this Complaint, Dowdell was capable of performing all essential functions of his job with Sonic, with reasonable accommodation.

15.     During Dowdell's employment, he performed well in his work, and performed it to the reasonable satisfaction of his employer.

16.     At all times relevant to this Complaint, Dowdell suffered from a disabling condition, namely congestive heart failure ("CHF"), which condition required Dowdell to seek regular medical treatment, and that substantially interfered with one or more major life activities, including, but not limited to, the normal functioning of Dowdell's cardiovascular system, leading to fatigue and other factors.

17.     On March 7, 2016, Dowdell took ill, and was forced to enter the hospital due to a health condition related to his CHF condition, where he remained for about eight (8) days.

18.     Dowdell provided prompt and timely notification to the Defendant of his need for leave, and informed Rodney McFarland, the Service Manager for the Defendant and Dowdell's supervisor, that his hospitalization was caused by fluid in his lungs related to his CHF.

19.     Dowdell was unable to work temporarily until or about April 1, 2016. Dowdell requested leave for a specified period of time, and his leave request was not indefinite or unreasonable. Dowdell kept his employer updated on at least a weekly basis concerning his condition and likely return to work.

20.     On April 1, 2016, Dowdell's physician cleared him for work by April 4, 2016, and provided Dowdell with a doctor's note, which Dowdell gave to the Defendant, and immediately requested to return to work by the date indicated in the note.

21.     The Defendant refused to allow Dowdell to return to work, and informed Dowdell that his doctor's note was not adequate on April 6, 2016. The Defendant demanded that Dowdell produce a document proving that he was medically cleared to return to work. Dowdell requested additional time to provide further medical documentation to the Defendant, but the Defendant refused to grant him that additional time.

22.     Dowdell was immediately asked to resign because of his disability condition. Dowdell was advised that he did not "show up in time,"

and that no job was available for him; in fact, Defendant had given Dowdell's job to another individual shortly after Dowdell entered the hospital.

23.     Dowdell did not want to resign, but the Defendant informed him that it was his only option. Additionally, the Defendant misled Dowdell by telling him that a position was open at another of Defendant's dealerships, Toyota of South Charlotte, and that he could obtain the same position there. After resigning, Dowdell inquired about that position, and was informed that no openings for such positions existed.

24.     At no point between March 7, 2016 and the date of Dowdell's termination did the Defendant engage in an interactive process with Dowdell to determine what, if any, reasonable accommodations were needed or available to allow Dowdell to continue performing his job after he was released to return to work. Additionally, despite receiving a definite leave request, the Defendant failed to engage in any interactive process to determine whether or not that leave request was reasonable, and if not, whether the leave request could be modified so as to permit Dowdell to continue working.

25.     Dowdell provided a doctor's note from his cardiologist stating that he was clear to return to work on April 12, 2016, but the Defendant refused to accept that note, and upheld his termination.

26.     Dowdell's termination was solely motivated by Defendant's animus against him because of his disability status, his requests for reasonable accommodation for his disability, and his use of FMLA protected leave.

27.     By engaging in the foregoing conduct, the Defendant has unlawfully discriminated and retaliated against the Plaintiff and wrongfully terminated the Plaintiff in violation of the public policy of the State of North Carolina as expressed in the North Carolina Equal Employment Practices Act.

28.     Dowdell has suffered tremendously as a result of the loss of his position with the Defendant. Dowdell was unable to secure further replacement employment, and the stress and emotional distress caused by the Defendant's actions further exacerbated his CHF condition, causing his medical prognosis to worsen, including the need for an implanted defibrillator, which was not required prior to Dowdell suffering stress and physical harm as a result of the Employer's actions. As a result of his loss of income and deteriorating health, Dowdell lost his home and became functionally homeless, and has been living with family since that time.

## FIRST CAUSE OF ACTION

### (ADA Discrimination/Retaliation)

29.     The allegations contained in Paragraphs 1 through 28 are incorporated in this Cause of Action.

30.     Dowdell has one or more disabilities, but was otherwise qualified to perform his job as a Service Writer, with reasonable accommodation.

31.     Dowdell suffered from an adverse employment action – namely, his termination and/or constructive termination.

32.     Dowdell was discriminated against solely because of his disability, and was retaliated against solely for taking part in a protected activity, namely the use of time out of work to seek medical treatment for his disability conditions. The Defendant knowingly violated the ADA when it undertook the course of action described in this Complaint.

33.     As a result, the Plaintiff has been damaged in an amount in excess of $25,000.00, to be proven with more specificity at the time of trial.

## SECOND CAUSE OF ACTION

### (Wrongful Discharge in Violation of Public Policy)

34.     The allegations contained in Paragraphs 1 through 33 are incorporated in this Cause of Action.

35.     At all times relevant to this Complaint, the Plaintiff was an employee of the Defendant.

36.     It is the public policy of North Carolina, as codified in N.C. Gen. Stat. §143-422.1 *et seq.* that all employees have a right to seek, obtain, and hold employment free from discrimination on the basis of handicap.

37.     The Plaintiff was terminated from employment for discriminatory reasons that violate North Carolina's public policy, namely discrimination against him because of his handicap. The Defendant's actions in terminating the Plaintiff were maliciously, willfully, and wantonly in violation of the law, entitling the Plaintiff to punitive damages pursuant to N.C. Gen. Stat. §1D-1, *et seq.*

38.     As a result, the Plaintiff has been damaged in an amount in excess of $25,000.00, to be proven with more specificity at the time of trial.

### THIRD CAUSE OF ACTION

### (FMLA Retaliation)

39.     The allegations contained in Paragraphs 1 through 38 are incorporated in this Cause of Action

40.     Dowdell engaged in a protected activity – namely, the request for and use of unpaid FMLA-protected medical leave.

41.     Dowdell suffered from a materially adverse employment action, as described herein, and, in the alternative to the First and Second causes of

action, his use of FMLA-protected leave was a motivating factor in that adverse employment action.

42.    Dowdell has been damaged in an amount in excess of $25,000.00, to be proven with more particularity at the time of trial.

### PRAYER FOR RELIEF

The Plaintiff is seeking the following relief from this Court:

1.    To recover damages in an amount in excess of $25,000.00 for Plaintiff's claims for relief as stated in this Complaint;

2.    To recover punitive damages under the ADA, at common law, and/or liquidated damages under FMLA;

3.    To recover reasonable attorney's fees as permitted by the ADA and FMLA;

4.    For all costs of this action be taxed against the Defendant;

5.    For a trial by jury on all claims so triable;

6.    For such other relief as this Court deems just and proper.

### [SIGNATURE PAGE FOLLOWS]

11

On the 24th day of October, 2018.

POPE MCMILLAN, P.A.
Attorneys for the Plaintiff

By:

Clark D. Tew
N.C. State Bar No. 41632
113 N. Center St., Ste. 200
P.O. Drawer 1776
Statesville, NC 28687
(704) 873-2131
Ctew@popemcmillan.com

Case 3:18-cv-00642-GCM   Document 1-1   Filed 11/29/18   Page 14 of 20

PLAINTIFF'S
EXHIBIT
A

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 430-2016-01387 |
| | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Cecil L. Dowdell | (980) 339-9800 | 10-31-1960 |

| Street Address | City, State and ZIP Code |
|---|---|
| 8929 Driftwood Commons Ct, Mint Hill, NC 28227 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CADILLAC OF SOUTH CHARLOTTE | 15 - 100 | (704) 556-7400 |

| Street Address | City, State and ZIP Code |
|---|---|
| 10725 Pineville Road, Pineville, NC 28134 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest: 03-07-2016  Latest: 04-12-2016 |

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was hired by the above named employer on January 2, 2016, as a Service Writer. On March 7, 2016, I made my employer aware of my medical condition when I was hospitalized. On April 1, 2016, I notified my employer with a doctor's note, which stated I could return to work with no restrictions on April 4, 2016. On April 6, 2016, I was told this note was not good enough, and I needed a note that stated I was at 100%. On this same date I was sent home with a voluntary separation report due to medical reasons. On April 12, 2016, I provided another doctors note asserting that I was cleared to return to work. On this same date I was told the note was not needed because my position was filled.

II. No other reason was given.

III. I believe I was discriminated against and subjected to retaliation because of my disability in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| May 06, 2016 _____ [signature] _____ | |
| Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |


PLAINTIFF'S
EXHIBIT
13



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Charlotte District Office**

139 West Trade Street, Suite 400
Charlotte, NC 28202
(704) 344-6592
TTY (704) 344-6684
FAX (704) 344-6734 & 6731

Charge No. 430-2016-01387

Cecil Dowdell
8929 Driftwood Commons Ct
Mint Hill, NC 28227                                    **Charging Party**


SONIC AUTOMOTIVE, INC. D/B/A CADILLAC OF SOUTH CHARLOTTE
10725 Pineville Road
Pineville, NC 28134                         **Respondent**

## DETERMINATION

I issue the following determination on the merits of this charge. Respondent is an employer within the meaning of the Americans with Disabilities Act ("ADA"), and timeliness, and all other requirements for coverage have been met.

Charging Party alleges that Respondent failed to accommodate him because of his disability. Charging Party further alleges that he was discharged because of his disability. Charging Party also alleges that he was discharged in retaliation for engaging in protected activity in violation of the ADA. Respondent denies the allegations.

Examination of the evidence obtained by the Commission supports Charging Party's claims that Respondent failed to accommodate Charging Party and discharged him (or alternatively forced him to resign) based on his disability. The evidence does not support Respondent's defenses.

The evidence shows that Charging Party could perform the essential functions of his job with or without a reasonable accommodation. Charging Party presented Respondent with a doctor's note clearing Charging Party to return to work following a medical absence. Despite Charging Party presenting the note indicating that he could return to work, Respondent did not allow Charging Party to return to work. Accordingly, Charging Party was discharged (or alternatively forced to resign) based on his disability. Additionally, rather than allow Charging Party to return to work based on the doctor's note, Respondent required Charging Party to be medically cleared to return to work and to present sufficient medical documentation indicating such. Charging Party requested a short period of time to meet Respondent's requirements but Respondent denied Charging Party's request. Accordingly, Charging Party was denied a reasonable accommodation for his disability.

No findings are made with respect to any other claims asserted by the Charging Party. This does not, however, certify that Respondent is in compliance with the law with respect to Charging Party's other claims.

Upon finding that there is reason to believe that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practice by informal methods of conciliation. Therefore, the Commission now invites the parties to join it in reaching a just resolution of this matter. The confidentiality provisions of Section 107 of the ADA and Commission Regulations apply to information obtained during conciliation.

If Respondent declines to discuss settlement or when, for any reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

SEP 1 4 2017

_____
Date

On Behalf of the Commission:

_Reuben Daniels_

Reuben Daniels Jr.,
District Director

Cc.:    Sarah J. Douglas, Esq.
        Parker Poe Adams & Bernstein, LLP
        Three Wells Fargo Center
        401 South Tryon St., Suite 3000
        Charlotte, N.C.  28202



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Charlotte District Office**


PLAINTIFF'S
EXHIBIT
C

129 West Trade
Charlotte, NC 28202
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Charlotte Status Line: (866) 408-8075
Direct Dial: (704) 344-6686
TTY (704) 344-6684
FAX (704) 954-6410
Website: www.eeoc.gov

Charge No. 430-2016-01387

Cecil L. Dowdell
3807 Bent Creek Dr., S.W.
Concord, NC 28027

        Charging Party

Sarah J. Doulas, Esq.
Parker, Poe, Adams & Bernstein, LLP
Three Wells Fargo Center
401 South Tryon Street, Suite 3000
Charlotte, NC 28202

        Respondent

## NOTICE OF CONCILIATION FAILURE

This letter is the notice required by the Commission's Regulations 29 C.F.R. Section 1601.25, which provides that the Commission shall notify a respondent in writing when it determines that further conciliation efforts would be futile or non-productive.

The Commission has determined that efforts to conciliate this case as required by Title VII of the 1964 Civil Rights Act, as amended, have failed. Therefore, no further efforts to conciliate this case will be made. Accordingly, we are at this time forwarding the case to our Legal Unit for review and a litigation recommendation to the Department of Justice.

        On Behalf of the Commission:

AUG - 1 2018

_____
Date

        _____
        Thomas M. Colglough
        Acting Director

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE
#### *(CONCILIATION FAILURE)*



PLAINTIFF'S
EXHIBIT

"D"

| | |
|---|---|
| **To:** Cecil.L. Dowdell<br>8929 Driftwood Commons Ct<br>Mint Hill, NC 28227 | **From:** Charlotte District Office<br>129 W. Trade Street<br>Suite 400<br>Charlotte, NC 28202 |

☐   *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 430-2016-01387 | Philippe G. Felsenhardt,<br>Investigator | (704) 954-6452 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
#### *(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

**Thomas M. Colclough,**
**Acting Director**

AUG - 1 2018

*(Date Mailed)*

Enclosures(s)

cc:   Sarah J. Douglas, Esq.
     Parker, Poe, Adams & Bernstein, LLP
     Three Wells Fargo Center
     401 South Tryon St., Suite 3000
     Charlotte, NC 28202



CERTIFIED MAIL®

___POPE___
McMILLAN

KUTTEH VALDEZ & SCHIECK

SERVING OUR COMMUNITY SINCE 1915

JAMES IREDELL BUILDING
113 N. CENTER STREET
P.O. DRAWER 1776
STATESVILLE, NC 28687

7018 0360 0000 0141 4957



UNITED STATES POSTAGE
PITNEY BOWES

02 1P        $ 007.30°
0002702208  OCT 29 2018
MAILED FROM ZIP CODE 28687

Sonic Automotive, Inc.

d/b/a Cadillac of South Charlotte

c/o CT Corporation System, Registered Agent

160 Mine Lake Court, Ste. 200

Raleigh, NC 27615-6417

27615B6417 C016

